UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCOS ALEJANDRO ROMERO ESTRADA,<br><br>          Plaintiff,<br>   v.<br><br>JOHN MATTOS, *et al.,*<br><br>          Defendants. | Case No. 2:26-cv-00425-ART-NJK<br><br>ORDER ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8) |

Petitioner Marcos Alejandro Romero Estrada is a Cuban citizen who was paroled into the United States in April 2023. (ECF No. 8.) His parole expired two years later, in April 2025. (*Id.* at 3.) On January 23, 2026, Romero Estrada was taken into Immigrations and Customs Enforcement (ICE) custody. (*Id.*) On March 25, 2026, Mr. Romero Estrada's request for a bond hearing was denied. (ECF No. 19-5.) The immigration judge ruled that the court had no jurisdiction to consider the merits of his bond request since Mr. Romero Estrada was mandatorily detained under 8 U.S.C. 1225(b). (*Id.*) Mr. Romero Estrada argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that therefore he is entitled to immediate release or a bond hearing on the merits under 8 U.S.C. 1226(a) ("Section 1226(a)"). Before the Court is Mr. Romero Estrada's amended petition for habeas corpus and a motion for temporary restraining order. (ECF Nos. 8; 13.) The Court now grants the amended petition with respect to his request for a bond hearing.

## I.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus

1

is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.  Analysis

### A. Jurisdiction

The Court has jurisdiction over Mr. Romero Estrada's case under 28 U.S.C. § 2441, regardless of the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(g) and 1252(b)(9). Neither of those rules deprive district courts of jurisdiction to hear challenges to confinement, as distinct from challenges to removal and actions taken in furtherance of a removal proceeding.

First, the Supreme Court has limited the reach of § 1252(g). That section deprives courts of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." The Supreme Court has named these factors the "three discrete events along the road to deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Petitioner challenges the lawfulness of his detention only, and detention is not one of the three events. A request for a bond hearing is "independent of, and collateral to, the removal process." *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025).

Second, the Supreme Court has rejected the argument that Section 1252(b)(9) is a jurisdictional bar to district court review of immigration detention. That section provides that "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States" is only proper before the appropriate federal court of appeals in the form of a petition for review of a final removal order. *Id.* The Supreme Court has squarely held that Section 1252(b)(9) does not deprive federal courts of jurisdiction to decide whether certain statutory provisions require detention without a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). Once again, "claims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Gonzalez v. U.S. Immig. and Cust. Enf't*, 975 F.3d 788, 810 (9th Cir. 2020); *see Nielsen v. Preap*, 586 U.S. 392, 402 (2019).

### B. Mr. Romero Estrada is Not Subject to Mandatory Detention Under Section 1225(b)(2)

Respondents argue that Mr. Romero Estrada is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the Immigration and Nationality Act ("INA") because he was present in the United States without being admitted or paroled. (ECF No. 19 at 3.) Based on the statutory text as construed by numerous courts that have addressed this issue, the Court concludes that Section 1225 does not apply to Mr. Romero Estrada, who has been in this country for three years.

The first question is whether Section 1225 applies to all noncitizens in the United States who entered without inspection, or if those who, like Mr. Romero Estrada, have been present for many years, are exempt. The statute's construction depends on its ordinary meaning, its text read in conjunction with Section 1226, and its interpretation by Article III courts, including the Ninth Circuit and the Supreme Court. All these sources show that Section 1225 has a

"limited temporal focus" and mandates detention of those who are arriving or have recently arrived in the United States. *Maldonado Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at \*11-16 (D. Nev. Sept. 17, 2025).

As the Supreme Court made clear in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), Section 1225 applies exclusively to recent arrivals at the border and Section 1226 applies exclusively to those already present in the United States. In *Jennings*, the Supreme Court explained that Section 1225's mandatory detention provision is part of the immigration process which "generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible," and that the statute "authorizes the Government to detain certain aliens seeking admission into the country." *Id.* at 287, 289. Section 1225 deals with the process of arrival in the United States, including "inspection by immigration officers" of "applicants for admission" and stowaways; "expedited removal of inadmissible arriving aliens;" and "referral for hearing" of those individuals to whom the section otherwise applies. 8 U.S.C. §1225. By contrast, Section 1226 deals with the "apprehension and detention of aliens" who have passed through the border or a port of entry. 8 U.S.C. § 1226. The Court noted that Section 1226's discretionary detention provision "authorizes the Government to detain certain aliens already in the country," calling it a "default rule" that applies to those "already present in the United States." *Jennings*, 583 U.S. at 289, 303; *see also Nielsen*, 586 U.S. at 396–97 (holding that Section 1226(a) applies to most people who are "present in this country" and removable); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1081 (9th Cir. 2015) ("[P]ermissive and mandatory detention are in harmony, as they apply to different situations").

Section 1225 detains a subset of noncitizens who meet the definition of an "applicant for admission." Focusing more narrowly on that statutory term, controlling and persuasive authorities have held that those who have been in the

United States for many years are not applicants for admission. The Ninth Circuit has held that "an immigrant submits an 'application for admission' at a distinct point in time" and "stretching the phrase" to continue "potentially for years or decades" "would push the statutory text beyond its breaking point." *U.S. v. Gambino-Ruiz*, 91 F.4th 981, 988-89 (9th Cir. 2024) (citing *Torres v. Barr*, 976 F.3d 918, 922-26 (9th Cir. 2020) (en banc)). Numerous district courts have taken the same approach. *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025); *Escobar Salgado v. Mattos*, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356, at *15 (D. Nev. Nov. 17, 2025); *Maldonado Vazquez*, 2025 WL 2676082, at *13; *Rusu v. Noem*, No. 25 C 13819, 2025 WL 3240911, at *5 (N.D. Ill. Nov. 20, 2025) (seeking admission "would most logically occur at the border upon inspection"); *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *9 (C.D. Cal. Nov. 20, 2025) ("Individuals who are present in the United States and have not been inspected and authorized by an immigration officers are merely part of the broadly defined term '[noncitizen]'" and are not "applicants for admission").

Respondents' reading of Section 1225 would render superfluous much of Section 1226, including Section 1226(c) ("Laken Riley Act"). *See Hasan v. Crawford*, 800 F. Supp. 3d 641, 656 (E.D. Va. 2025) ("A statute should be construed so that effect is given to all its provisions," and "no part will be inoperative or superfluous, void, or insignificant.") (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)). Construing Section 1225 so expansively would eclipse the discretionary detention available under Section 1226(a). *See, e.g. Lopez Benitez*, 795 F. Supp. 3d at 490; *Bautista*, 2025 WL 3289861, at *11 ("Respondents unacceptably collapse § 1226 into nonexistence under a wide-reaching interpretation of 'applicants for admission'"); *Rusu*, 2025 WL 3240911, at *5; *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025); *Maldonado Vazquez*, 2025 WL

2676082, at \*14. If all noncitizens present in the United States without admission were already subject to mandatory detention under Section 1225, discretionary detention under 1226(a) would be limited and there would be no need for mandatory detention under the Laken Riley Act. *See Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025) ("'[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme.'") (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013)).

In contrast to the above-recited points and authorities, Respondents argue that Section 1225 subjects all noncitizens who are inadmissible for entry without inspection to mandatory detention, regardless of how long they have been in the United States. The vast majority of courts confronting this question have rejected Respondents' interpretation of Section 1225, including its reliance on the Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 217 (BIA 2025), as contradictory to the plain text of the statute. *See, e.g., Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at \*4 (D. Nev. Nov. 6, 2025): *Veletanga v. Noem*, No. 25-CV-9211 (NSR), 2025 WL 3751865, at \*3 (S.D.N.Y. Dec. 26, 2025) (noting that "[a]n abundance of district courts around the country have disagreed with *Matter of Yajure Hurtado*" and granted relief to persons improperly detained under § 1225(b)(2)"); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at \*16 (D. Nev. Sept. 17, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1261 (W.D. Wash. 2025); *Patel v. Almodovar*, No. 25-cv-15345, 2025 WL 3012323 at \*3 (D.N.J. Oct. 28, 2025) (collecting cases).

Because Respondents do not argue in their briefing that Mr. Romero Estrada is detained under 8 U.S.C. § 1225(b)(2) for any other reasons, the Court grants Mr. Romero Estrada's writ and orders Respondents to provide Mr. Romero Estrada with an individualized bond hearing, under 8 U.S.C. § 1226(a), by April

20, 2026.

### C. The Government Bears the Burden of Proving that Mr. Romero Estrada's Detention is Warranted

Respondents argue that Mr. Romero Estrada bears the burden of establishing that release is warranted, in a bond hearing before an immigration judge. However, numerous courts have held that the burden is on the Government to establish whether detention is justified. *See e.g., LUIS ENRIQUE ANDRADE, Petitioner, v. JOHN MATTOS, et al., Respondents.,* No. 2:26-CV-00156-RFB-MDC, 2026 WL 969289, at *3 (D. Nev. Apr. 9, 2026) ("[T]he Court orders Respondents to conduct a bond hearing for Petitioner under § 1226(a), and its implementing regulations, wherein the government must prove, by clear and convincing evidence, that Petitioner's civil detention is justified by an individualized, constitutionally recognized interest—e.g., that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings."); *JUAN CARLOS NAVA MEZA, Petitioner, v. JOHN MATTOS, et al., Respondents.,* No. 2:26-CV-00957-RFB-BNW, 2026 WL 969307, at *3 (D. Nev. Apr. 9, 2026); *Lima v. Wofford,* No. 1:25-CV-01390-SKO (HC), 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025); *Arostegui-Maldonado v. Baltazar,* 794 F. Supp. 3d 926, 944 (D. Colo. 2025) ("[T]he Supreme Court has long held that the clear and convincing evidence standard applies to civil detention . . . . The Court sees no compelling reason why a lesser standard should apply in [the immigration detention] context." (internal citation omitted)).

Additionally, while the Ninth Circuit ruled that the Government does not bear the burden in a *second* bond hearing held under Section 1226(a), the Ninth Circuit subsequently endorsed requiring the Government to prove by clear and convincing evidence that noncitizens are a danger to the community or a flight risk, in an *initial* bond hearing. *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1203 (9th Cir. 2022); *Martinez v. Clark,* 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA

properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community" in the context of prolonged detention under 8 U.S.C. § 1226(c)).

Accordingly, Respondents are required to provide Mr. Romero Estrada with an individualized bond hearing, under 8 U.S.C. § 1226(a), by April 20, 2026, wherein Respondents must establish by clear and convincing evidence that Mr. Romero Estrada is a flight risk or a danger to the public, or otherwise release him from custody.

### III.    Conclusion

IT IS THEREFORE ORDERED that Petitioner's writ of habeas corpus (ECF No. 8) is GRANTED with respect to his request for a bond hearing.

IT IS FURTHER ORDERED that Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) by April 20, 2026, wherein the Government must establish by clear and convincing evidence that Petitioner is a flight risk or danger to the public. If a bond hearing is not provided by April 20, 2026, Petitioner is to be released from custody, and upon release, should Respondent seek to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter wherein the Government must establish by clear and convincing evidence that Petitioner is a flight risk or danger to the public and at which Petitioner's eligibility for bond must be considered.

IT IS FURTHER ORDERED that Respondents must file a Notice of Compliance within ten (10) days of providing Petitioner with a bond determination hearing.

IT IS FURTHER ORDERED that Petitioner's motion for a temporary restraining order (ECF No. 13) is DENIED AS MOOT.

Dated this 13th day of April 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE